## ABNER STRAWN
### v.
## FREDERICK VON GUNDEN.

*Master and Servant—Wages—Recovery of—Abandonment of Service— Evidence.*

In an action for labor under a contract of hiring which defendant claimed was broken by plaintiff's leaving his employ, it is held that the evidence warranted a verdict for plaintiff.

[Opinion filed May 28, 1890.]

APPEAL from the County Court of La Salle County; the Hon. FRANK P. SNYDER, Judge, presiding.

Mr. SILAS H. STRAWN, for appellant.

Mr. JAMES J. CONWAY, for appellee.

UPTON, P. J.   Appellee commenced suit before a justice of the peace to recover from appellant the sum of $59.35, claimed to be due for work and labor done for appellant before that time.   Upon trial before the justice, a judgment was rendered for appellant and the cause taken to the County Court by appeal, in which last named court the cause was tried with a jury, rendering a verdict for the appellee for the amount of his claim, upon which a judgment was entered, and appellant brings the cause to this court on appeal.

The suit was for wages due for work and labor of the appellee for the appellant. The defense interposed was that appellee quit appellant's service before the expiration of the term agreed upon without justifiable cause therefor. There is no controversy but that the full amount of the judgment claimed was earned and is now due appellee, unless the defense interposed can be made availing to defeat a recovery.

Appellant testified the contract was that appellee was to labor for him through the month of February, 1888, for the sum of $20, and the balance of the season, until corn was husked, for $23 per month. That he quit on the 6th day of November, 1888, and before the corn husking was done.

Appellee testified that he engaged to labor for appellant the season of 1888, until appellant's corn was husked, at the price above stated, provided appellee and the appellant could agree.

This, in substance, was all the evidence as to the contract for service.

It was further insisted and sworn by the appellee that on the 6th of November, in the afternoon of the day he quit appellant's service, that he was directed by the appellant to take a load of hay to town, a distance of six miles from appellant's farm, and make sale thereof. That he accordingly loaded the hay upon the wagon, drove to town, sold and unloaded the hay about four o'clock in the afternoon, collected the money therefor and gave it to appellant at about five o'clock, and put the team in Seely's feed yard and fed them. It being election day, appellee went to the polls at the town hall, and between eight and half-past eight of the same evening, went for the team and found appellant had taken it away, driven it home, and left him to walk a distance of six miles or remain in town for the night. He chose the latter alternative.

On the 8th of November appellee met appellant, when the latter said: "You have served me a pretty trick." Appellee replied, "I don't know which served the best trick, me or you." Afterward, on the same day, appellee testified, the parties again met at the city drug store. Appellee said, "Mr.

Strawn, what does this mean? Am I turned off, or what is it?" Appellant replied, " I don't know which way you take it." Appellee thinks he replied, "I take it as a turn-off."

This conversation, as testified to by the appellee, is denied by the appellant, and what, in fact, were the terms of the original contract under which the labor was performed, and if an entire contract, whether appellee had reasonable cause for quitting that service before the expiration of the term thereby stipulated, were obviously questions of fact, peculiarly within the province of the jury to determine.

Upon these questions we have carefully examined the record in this case, and are not able to say that the jury were not justified, under all the evidence, in finding for the appellee, both as to what the contract in fact was, as well as to the disagreement between the parties, as claimed by appellee, and the rescission of the contract, or that the taking of the team from the servant six miles from his home in the manner and under the circumstances testified to, was not such an indignity toward appellee as would justify him in quitting further performance of the contract. More than this, even, the jury might have reasonably found, from the evidence, that appellant discharged appellee from further service under the contract.

We have also carefully examined the instructions, as modified, given and refused. We think those given to the jury as to the agreement or contract for labor, were correct, and the modifications of the appellant's instructions were quite proper and also legally correct.

Finding no error in this record, the judgment of the County Court is affirmed.                       *Judgment affirmed.*